Stephen D. Bell
**DORSEY & WHITNEY LLP**
Millennium Building
125 Bank Street, Suite 600
Missoula, Montana 59802-4407
Tel: 406-721-6025
Fax: 406-543-0863
bell.steve@dorsey.com

Dan Larsen (admitted *pro hac vice*)
**DORSEY & WHITNEY LLP**
136 S. Main Street, Suite 1000
Salt Lake City, UT 84101
Telephone: (801) 933-7360
larsen.dan@dorsey.com

*Attorneys for Defendant Volkswagen Group of America, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| **TRACY STONE-MANNING, RICHARD MANNING, and KRISTINE AKLAND,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**VOLKSWAGEN GROUP OF AMERICA, INC.**<br><br>**Defendant.** | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>CIVIL ACTION No. CV-15-139-M-DLC |

Defendant Volkswagen Group of America, Inc. ("VWGoA") submits the following Memorandum in Opposition to the Plaintiffs' Motion for Remand.

1

## INTRODUCTION

This Court should deny the Plaintiffs' Motion to Remand because VWGoA's removal was proper under 28 U.S.C. §1332.[1]  As discussed below, this Court possesses diversity jurisdiction over this matter as the case involves a dispute between citizens of different states with an amount in controversy in excess of $75,000.  Plaintiffs should not be permitted to evade federal jurisdiction through artful pleading, and accordingly, removal is proper.

## STATEMENT OF FACTS

This case is one of over four hundred actions presently pending in over thirty federal districts throughout the country which claim that VWGoA has violated the Clean Air Act and federal emissions standards by allegedly installing emissions testing "defeat devices" in certain Volkswagen and Audi diesel vehicles.  As with the prior lawsuits, the present case also contends that VWGoA has "intentionally violated the laws of the United States and the regulations of the United States Environmental Protection Agency (EPA) by selling automobiles…" containing the defeat device.  See Complaint at ¶ 1.  Plaintiffs contend that this conduct constitutes common law fraud by concealment, as well as a violation of the Montana Consumer Protection Act § 30-14-101 et seq.  See Complaint at pp. 7, 12.

---

[1] As an alternative ground, VWGoA's notice of removal asserted federal question jurisdiction under 28 U.S.C. § 1331.  VWGoA hereby withdraws, without prejudice, its assertion of federal question jurisdiction in this matter.

For jurisdictional purposes, the Complaint alleges that Plaintiffs Richard Manning and Tracy Stone-Manning (both residents of Helena, Montana) purchased a 2013 Volkswagen Jetta TDI Sportwagen diesel model vehicle.[2]. <u>Id</u>. at ¶ 9, 13. The Complaint also alleges that Plaintiff Kristine Akland (a resident of Missoula, Montana) purchased a 2015 Volkswagen Golf wagon <u>See</u> <u>Id</u>. at ¶ 14. Plaintiffs seek a variety of legal remedies, including: (i) rescission of the purchase of the allegedly Violating Vehicles; (ii) exemplary and punitive damages; (iii) relief under the Montana Consumer Protection Act; and (iv) an award of attorney's fees and costs. <u>Id.</u> at p. 13.

## **ARGUMENT**

Plaintiffs' motion to remand should be denied because this Court possesses diversity jurisdiction under 28 U.S.C. § 1332. There is no dispute that this action is between citizens of different states, as this element is established on the face of the Plaintiffs' Complaint. <u>See</u> Complaint at ¶¶ 13-14, 16. Thus, the only dispute concerns whether the Plaintiffs meet the $75,000 amount in controversy requirement.

In the Ninth Circuit, the calculation of the amount in controversy is governed by <u>Guglielmino v McKee Food Corp.</u>, 506 F.3d 696 (9th Cir. 2007). In

---

[2] Although Plaintiffs seek the equitable remedy of rescission, the Complaint fails to specify the actual purchase price of their respective vehicles. <u>See</u> Complaint at ¶ 9. It is estimated that the purchase value of either vehicle exceeds $20,000. For purposes of this memorandum, VWGoA will use the conservative value of $20,000 in refuting plaintiffs' arguments for remand.

Guglielmino, a bakery product distributor sued a defendant manufacturer in state court, alleging that the defendant had violated various wage and hour laws, as well as committed various other torts. The complaint alleged, under the heading of "jurisdiction and venue," that "the damages to each Plaintiff are less than $75,000." Id. at ¶ 697. The Plaintiffs' "Prayer for Relief," however, contained different and arguably broader language, seeking "among other things, damages under statutory and common law, punitive and exemplary damages, … attorneys' fees, …, and such other relief as the Court deemed proper." Id. The defendant removed the case to federal court, and the plaintiff challenged removal, with each plaintiff filing an affidavit stating: "I am not seeking damages in excess of $75,000." Id. at 698.

The trial court found that the defendants' removal was proper and the Ninth Circuit affirmed, finding that the Plaintiff's complaint was "unclear" and did "not specify 'a total amount in controversy'" because the jurisdictional language was inconsistent with the prayer for relief. Id. at 700-701. The same inconsistency exists here. Plaintiffs' jurisdictional statement attempts to limit the relief sought to $75,000, but their prayer for relief includes, among other relief sought, rescission of the purchase of the subject vehicles, exemplary and punitive damages and attorney's fees and costs. The Ninth Circuit in Guglielmino then concluded that the trial court properly calculated the amount in controversy based upon the total relief

4

sought by the complaint, which included requests for attorneys' fees, punitive damages and other forms of relief. Id. at 698-701. Under this analysis, the trial court's decision to deny the plaintiff's motion to remand was affirmed. The same result should be reached here.

The Montana District Courts that have evaluated this issue have applied a similar analysis. For example, in Steckmest v. Farmers Insurance Exchange, 2013 U.S. Dist. Lexis. 133723 (D. Mont. 2013), the trial court evaluated this issue in the context of a putative class action. Although the plaintiffs in that case alleged that they were seeking less than the federal class action jurisdiction threshold of $5 million, they similarly failed to limit their recovery in their Prayer for Relief, opting instead to pursue damages and punitive damages in an amount to be proven at trial. Id. at *10. The Court proceeded to estimate damages based upon the total relief sought, finding that the jurisdictional threshold was met.

The district court reached a similar conclusion in Thomas v. Kemper Specialty Co., 2015 U.S. Dist. Lexis 132995 (D. Mont. 2015), a case involving a bad faith insurance claim. Consistent with prior decisions, the court in that matter noted that "[t]he jurisdictional amount in controversy excludes 'interest and costs,' but includes punitive damages and attorneys' fees." Id. at *2 (citing Guglielmino, 506 F.3d at 700; 28 U.S.C. § 1332)). Accordingly, even though the plaintiff

alleged only $50,000 in compensatory damages, the jurisdictional threshold was satisfied once punitive damages were considered. Id. at *3.

In this instance, the Plaintiffs' Complaint fairly establishes that the amount in controversy exceeds the jurisdictional threshold. Plaintiffs' prayer for relief not only seeks rescission of the undisclosed amount paid for the two subject vehicles under MCA §28-2-1701 et seq. (each of which has an estimated base MSRP of over $20,000), but also seeks an unstated amount of punitive damages, costs, and attorneys' fees, which must also be considered when calculating the amount in controversy. Complaint at p. 13. This district has previously recognized that a "reasonable ratio for determining punitive damages is 4 to 1", which would bring the amount in controversy for each vehicle to more than $80,000, exclusive of any attorneys' fees. See Burton v. Trinity Universal Ins. Co., 2015 U.S. Dist. Lexis 21953, *4 (D. Mont. 2015). Likewise, this district has previously applied a "benchmark" of 25% recovery for attorneys' fees when evaluating the amount in controversy, which would further increase the amount at issue. Id.

Moreover, Plaintiffs also seek redress for alleged violations of the Montana Consumer Protection Act, MCA § 30-14-101, et seq. – a statute which carries treble damages and attorneys' fees. The applicable provision of the act states:

> (1) A consumer who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by 30-14-103 may bring an

> individual but not a class action under the rules of civil procedure in the district court of the county in which the seller, lessor, or service provider resides or has its principal place of business or is doing business to recover actual damages or $500, whichever is greater. An individual claim may be brought in justice's court. The court may, in its discretion, award **up to three times the actual damages sustained** and may provide any other equitable relief that it considers necessary or proper.

See MCA § 30-14-133 (emphasis added). As such, Plaintiffs' claims easily meet the threshold requirement, as they collectively seek rescission in excess of the $20,000 per vehicle purchase price, which can be trebled, and combined with an award of attorneys' fees (~25%), plus the requested punitive damages (a potential 4 to 1 ratio).

Plaintiffs' motion does not squarely address the amount in controversy claim, but instead, attempts to evade the issue by arguing that the Plaintiffs' will stipulate that they are seeking less than the statutory amount in controversy. See Opening Papers at 4. Plaintiffs' choice of words in their stipulation, however, is telling. Although Plaintiffs claim that they will not "individually" seek more than $75,000 in damages, they ignore the fact that they brought their claims collectively, not as individuals. Thus, the amount in controversy for the "matter" still exceeds the jurisdictional threshold since the Plaintiffs are collectively seeking rescission of two vehicle purchases, statutory damages, punitive damages, costs

7

and attorneys' fees. More importantly, Plaintiffs fail to limit their damages in their Prayer for Relief, a critical error under Guglielmino.[3]

Moreover, even if the Court were to apply the most conservative calculation - in which the Plaintiffs' claims are not aggregated, and with trebles and punitive damages being applied only to the base rescinded purchase amount - the $75,000 jurisdictional threshold would still be met. A rough calculation for the damages attributed to just one of the vehicles at issue in this action (using less than the conservative base MSRP price of $21,640 alleged in the Plaintiff's Complaint) illustrates this concept as follows:

>   Rescission of the Purchase of the Stone-Manning's
>   2013 Jetta TDI Sportwagen                                $20,000
>   Trebles under MCPA[4]                                       x3
>                                                            $60,000
>
>   Plus Punitive Damages
>   (4 to 1 ratio on MSRP purchase price)                   +$80,000

---

[3] Notably, even the body of Plaintiffs' Complaint reads differently than the Stipulation of Damages Sought. The Complaint states that "no Plaintiff seeks more than $75,000 in damages (inclusive of costs and attorney's fees)." Complaint at ¶ 11. The body of the Complaint does not include punitive damages among the $75,000 in damages sought.

[4] The MCPA may permit an award based on rescission and an award based on exemplary damages. In T & W Chevrolet v. Darvial, 196 Mont. 287, 288, 641 P.2d 1368, 1368 (1982), a buyer allegedly relied on representations of a seller when he purchased a vehicle. After a month, the plaintiff learned that the vehicle was unsafe to drive due to a previous accident with the car. The plaintiff filed suit seeking rescission and exemplary damages under MCA 30-14-101 et seq. The district court determined that the seller engaged in unfair and deceptive trade practices as a result of his misrepresentations. The buyer was awarded attorney fees, damages in the amount of the installment contract purchase price—"based upon rescission", and exemplary damages under the Act. When the seller challenged the district court's award of exemplary damages, the Montana Supreme Court quoted the language of the statute, which states, "The court may, in its discretion, award up to three times the actual damages sustained and may provide such equitable relief as it considers necessary or proper."

|  |  | $140,000 |
|---|---|---|
| Plus attorneys' fees (using 25% benchmark on MSRP purchase price) | | +$5,000 |
| **AMOUNT IN CONTROVERSY FOR THE STONE-MANNING PLAINTIFFS** (without aggregating claims or awarding fees on trebles or punitive damages) | | **$145,000** |

The other plaintiff, Ms. Akland, similarly meets the jurisdictional threshold. Her sample calculation would likewise reach $145,000 without aggregating claims or awarding fees on trebles or punitive damages.

More importantly, Plaintiffs' "stipulation" is of very little practical value. Plaintiffs' stipulation has no binding effect should Plaintiffs change their mind as to the amount of damages they intend to "seek," nor does it prohibit them from amending their Complaint to add new claims or to pursue class relief in the future.[5] Indeed, a parallel class action has already been filed in this district, and Plaintiffs are presumably already members of that putative class. See Paoli v. Volkswagen Group of America, Inc., Case No. 9:15-cv-00127-DLC-JCL. Plaintiffs are likely members of another putative class action pending before this Court seeking rescission of finance agreements relating to their vehicles. See Ballew v. VW

---

[5] Although Plaintiffs claim they are not pursuing a class action at this juncture, there is nothing in their stipulation that prohibits them from amending their Complaint to form or join a putative class absent an MCPA claim. Plaintiffs' Complaint foreshadows this very issue, as Plaintiffs' Complaint contends that "discovery may reveal additional vehicle models and model years" subject to the litigation. See Complaint at ¶ 5. Moreover, both parties agree that the stipulation is essentially meaningless against a class, as a plaintiff cannot prospectively bind absent class members. See Plaintiffs' Opening Memo at 4 (citing Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1350 (2013)).

Credit, Case 9:15-cv-00133-DLC (D. Mont. 2015). In Ballew, this Court recently granted VW Credit's Motion to Stay "to ensure that rulings concerning Volkswagen's 'defeat devices' are consistent and uniform." See Order, November 6, 2015, attached as Exhibit A. Based upon sound reasoning, this Court recognized that these "defeat device" actions should be stayed pending a decision by the JPML to ensure that courts do not expend valuable resources unnecessarily.

## CONCLUSION

For the reasons set forth above, VWGoA submits that the Court should determine the amount in controversy based upon the face of the Complaint and the actually remedies sought, which would easily exceed $75,000. Accordingly, Plaintiffs' Motion to Remand should be denied.

Dated this 12th day of November, 2015.

Respectfully submitted,

/s/ Dan R. Larsen
*Attorneys for Defendant Volkswagen Group of America, Inc.* (admitted *pro hac vice*)

/s/ Stephen D. Bell
*Attorneys for Defendant Volkswagen Group of America, Inc.*
